**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Sabinske,                                        Case No. 25-cv-03635 (KMM/DJF)

                    Plaintiff,

v.                                                              **PROTECTIVE ORDER**

Deputy Cass Rademacher,

                    Defendant.

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 13). The Court **APPROVES** the parties' Stipulation. Based on the Stipulation and for good cause shown, the following shall govern discovery in this case:

1.  This case involves claims by Plaintiff against Deputy Cass Rademacher, individually, and in his capacity as an employee of Sherburne County (hereinafter "County Defendant").

2.  The County Defendant possesses data which may contain certain private and/or confidential information.

3.  With regard to Government Data protected by Minnesota law, as discovery under the Federal Rules of Civil Procedure supersedes the protections afforded such Governmental Data under the Minnesota Government Data Practices Act ("MGDPA"), the County Defendant will disclose certain confidential and/or private Government Data that is discoverable under the Federal Rules of Civil Procedure in accordance with the provisions herein.

4.  Defendant may produce documents within the scope of Fed. R. Civ. P. 26, 33, or 34 in the above-captioned case that contain not public Government Data, and they shall disclose said

documents or data to the extent they are discoverable, not privileged, or not otherwise protected by statute, rule, or law, other than the MGDPA.

5. Any witness, in answering interrogatories or testifying by affidavit, at deposition, or trial in the above-captioned case, shall disclose Government Data that is classified as not public under the MGDPA, if answering or testifying is consistent with the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

6. To the extent that the Government Data contains confidential and/or private data on Plaintiff and other individuals that is discoverable under the Federal Rules of Civil Procedure, the County Defendant will disclose such information in accordance with the provisions herein.

7. Nothing in this Protective Order prevents the parties from arguing for and utilizing procedures to obtain relief from the Court that a particular piece of Government Data or Discoverable Information is objectionable under the Federal Rules of Civil Procedure or Evidence.

8. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated as such herein;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

9.  **Data Possessed by Plaintiff**

Plaintiff may release certain private and/or confidential information to Defendant and his attorneys of record in this case. This information may include, but is not limited to, Plaintiff's social security number, medical records, law enforcement records, jail records, police reports, Social Services related records, employment records, and/or tax records, whether produced by Plaintiff or gathered via authorizations, which shall be considered Confidential Materials governed by the provisions of this Protective Order.

10. **Data Possessed by the Defendant**

Defendant will release certain private and/or confidential information to Plaintiff in this case. This information includes police reports, the Sherburne County Sheriff's Office personnel file and internal affairs records of Defendant Cass Rademacher. The production of the personnel files and internal affairs records will exclude home addresses, home phone numbers, photographs of the officer, personal financial information, birth certificate, driver's license records, information regarding the officer's family life, fingerprinting records, records protected by Minn. Stat. § 13.43, subd. 5 (undercover law enforcement) and 13.82, subd. 17 (protection of identities), medical and psychological data and social security numbers for the individually named County employee. Nothing herein shall preclude Plaintiff from seeking this information by discovery requests or appropriate motion to compel, if otherwise discoverable, following initial disclosures.

11. The Confidential Materials identified above may only be used in the litigation of this matter, including but not limited to discovery, depositions, motions or other court proceedings, at trial, or appeal.

12. Nothing herein shall be construed to affect in any way Defendant's or Plaintiff's right to object to the admissibility of any documents, testimony, or other evidence at trial or any other proceeding relating to this matter.

13. Nothing herein shall be construed to affect in any way Defendant's or Plaintiff's right to object to the discovery of certain documents or things as stated in the parties' discovery responses.

14. Production of documents and the provision of deposition testimony shall be on the following terms and conditions:

    a. The documents to be protected by this Protective Order shall be considered "Confidential Materials," and this shall govern the examination and use of such documents.

    b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 14.c., below.

    c. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

        i. The Court and its staff;

        ii. Counsel for the parties to the action and the legal assistants, clerical, and secretarial staff employed by such counsel, any expert witnesses and attendant expert witness staff retained by the parties, mediators and attendant staff, any Rule 35 medical/legal examiner(s) and attendant staff, and outside vendors including but not limited to messengers, copy, and other clerical services vendors;

        iii. Authorized representatives of Sherburne County, and Adjusters/insurance claims personnel assigned to this case for Defendant, including the Minnesota County Intergovernmental Trust (MCIT);

        iv. Court reporters employed in connection with any deposition in this action;

v. The parties and outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

vi. Persons shown on the face of the document to have authored or received the document; and

vii. Any other person the parties' counsel deem necessary, to be agreed to in writing.

d. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs 14.e. below. All Qualified Persons shall be advised of their obligation to abide by the terms of this Protective Order.

e. Nothing contained in this Protective Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third-party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, as well as counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Protective Order and advised it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by this Protective Order requiring that Confidential Materials be held in confidence and shall not disclose the Confidential Materials nor information derived therefrom to anyone who is not a Qualified Person within the meaning of this Protective Order.

15. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those

documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

16. **Changing a Confidential Document's Designation.**

    a.    Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    b.    Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    c.    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

17. If a party receives a subpoena or other court process in separate litigation that arguably calls for the production of "Confidential Materials" from this matter, they shall provide at least 10-days' notice to counsel for all parties in this matter before producing any such "Confidential Materials" in the separate litigation.

18. The "Confidential Materials" protected by this Protective Order shall not be given, conveyed, or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the "Confidential Materials" to any member of the broadcast or print media or their agents.

19. This Protective Order does not in any way prevent the disclosure of public data as defined in Minn. Stat. § 13.43 or Minn. Stat. § 13.82, Minn. Stat. Chap. 13 or otherwise, or data that is public under Federal law.

20. Upon termination of this litigation, counsel for a party that received Confidential Materials from another party to this litigation shall either promptly destroy or return all Confidential Materials and copies thereof to the producing parties' counsel. A receiving party's counsel may retain summaries of any "Confidential Materials," as well as copies of "Confidential Materials" that were filed with the Court.

21. **Use of a Confidential Document in Court.**

If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Protective Order **<u>cannot</u>** be used as the sole basis for filing the document under seal in connection with either a non-dispositive motion, dispositive motion, trial-related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, other specific Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Protective Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to

be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota**. Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

22.     The obligations of Qualified Persons to protect all confidential data and information shall survive the termination of this litigation.

**IT IS SO ORDERED.**

Dated: November 18, 2025                    *s/ Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Donald Sabinske,                                    Case No. 25-cv-03635 (KMM/DJF)

              Plaintiff,

v.                                                              **WRITTEN ASSURANCE**

Deputy Cass Rademacher,

              Defendant.

---

_____ declares that: I reside at

_____ in the City of _____,

County of _____, State of _____. My telephone number is

_____. I am currently employed by_____,

located at _____, and my current job

title is_____. I have read and I understand the terms of

the Protective Order  dated November 18, 2025, filed in Case No. 25-cv-03635 (KMM/DJF)

pending in United States District Court of Minnesota. I agree to comply with and be bound by the

provisions of the Protective Order. I understand that any violation of the Protective Order may

subject me to sanctions by the Court.

      I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Protective Order, or the contents of such documents, to any person

other than those specifically authorized by the Protective Order. I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the Protective

Order.

**EXHIBIT A**

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of United States District Court of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____      _____
                 (Date)                                (Signature)